UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MERCER INTERNATIONAL INC.,

Plaintiff,

v.

GATES CAPITAL MANAGEMENT, INC., GATES CAPITAL MANAGEMENT GP, LLC, GATES CAPITAL MANAGEMENT, L.P., GATES CAPITAL PARTNERS, L.P., ECF VALUE FUND, L.P., ECF VALUE FUND II, L.P., ECF VALUE FUND INTERNATIONAL MASTER L.P., and JEFFREY L. GATES,

Defendants.

No. ______________________

COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. 78p(b)

**Jury Trial Demanded**

This action is brought by Mercer International Inc. ("Mercer") to recover "short-swing" profits from the Defendants pursuant to Section 16(b) of the Securities Exchange Act of 1934. Mercer alleges as follows:

**THE PARTIES**

1. Mercer is a Washington corporation, with its principal offices at 700 West Pender Street, Suite 1120, Vancouver, British Columbia, Canada, V6C 1G8, and its U.S. office located at 14900 Interurban Avenue South, Suite 282, Seattle, Washington 98168.



Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

2. GATES CAPITAL MANAGEMENT, INC., GATES CAPITAL MANAGEMENT GP, LLC, GATES CAPITAL MANAGEMENT, L.P., GATES CAPITAL PARTNERS, L.P., ECF VALUE FUND, L.P., ECF VALUE FUND II, L.P., and JEFFREY L. GATES have offices or are found at 1177 Avenue of the Americas, 46th Floor, New York, New York, 10036, and, together with ECF VALUE FUND INTERNATIONAL MASTER L.P., they are referred to herein as "Defendants."

3. ECF VALUE FUND INTERNATIONAL MASTER L.P. has offices or is found at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

**JURISDICTION AND VENUE**

4. This action arises under Section l6(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Act, 15 U.S.C. § 78aa. Venue is proper in this Court under 15 U.S.C. § 78aa.

**FACTS**

5. At all relevant times the common stock of Mercer was registered under Section 12 of the Act and was and is traded on the NASDAQ Global Select Market.

6. Section 16(b) imposes liability on statutory insiders who earn short-swing profits from the purchase and sale, or the sale and purchase, of a company's stock within a six-month period. 15 U.S.C. § 78p(b). Statutory insiders include, among others, "beneficial owners" of more than ten percent of any class of a company's equity securities. 15 U.S.C. § 78p(a)(1).

7. Pursuant to SEC Rule 16a-1, promulgated under the Act, for Section 16(b) purposes the term "beneficial owner" is defined, in relevant part, as "any person who is deemed a beneficial owner pursuant to section 13(d) of the Act and the rules thereunder." 17 C.F.R. § 240.16a-1. Rule 13(d) defines "beneficial owner" as "any person who, directly or



Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

indirectly … has or shares [] [v]oting power which includes the power to vote, or to direct the voting of, such security; and/or, [] [i]nvestment power which includes the power to dispose, or to direct the disposition of, such security." 17 C.F.R. § 240.13d-3(a). The term "person" includes "any organized group of persons." 15 U.S.C. § 80a-2(a)(8).

8. "When two or more persons act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, or disposing of securities of an issuer, such syndicate or group shall be deemed a 'person,'" for purposes of determining Section 16(b) liability. 15 U.S.C. § 78m(d)(3). The shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation. 17 C.F.R § 240.13d-5. If the aggregate number of shares beneficially owned by the group exceeds the 10% threshold, each member of the group is deemed to be a greater than 10% beneficial owner and is liable for any profits realized from the purchase and sale, or the sale and purchase, of securities of the issuing corporation by such member effected within a less than six-month period.

9. During the relevant time period, Defendants formed a "group," as that term is used in the context of determining beneficial ownership under Sections 13(d)(3) and 16(b) of the Act (the "Group"). As all purchases and sales by each of the Group members were directed by Defendant Jeffrey L. Gates, during the relevant time period a group was formed and operative within the meaning of Section 13(d)(3) of the Act, for the purpose of acquiring, holding and disposing of shares of Mercer common stock.

10. At all relevant times, the Group was the beneficial owner of more than 10% of Mercer's common stock, and garnered short-swing profits disgorgeable to Mercer through the transactions described below.

11. The Section 16(b) violations described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.



Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

12. This action is brought within two years after the Section 16(b) violations described herein occurred.

**FIRST CLAIM FOR RELIEF**

13. Mercer repeats the allegations contained in the preceding paragraphs.

14. Defendants, or some of them, purchased an aggregate of 3,555,416 shares, more or less, of Mercer common stock between March 31, 2014 and June 30, 2016.

15. Defendants, or some of them, sold an aggregate of 3,959,232 shares, more or less, of Mercer common stock between March 31, 2014 and June 30, 2016.

16. The foregoing purchases and sales may be matched against one another using the "lowest-in, highest out" method to yield profits recoverable from Defendants, or some of them, to the extent of their pecuniary interests in those purchase and sale transactions. The amounts of such profits are not known to Mercer because the Defendants did not comply with the reporting requirements of Section 16(a) of the Act, 15 U.S.C. § 78p(a).

17. By reason of such purchases and sales, or sales and purchases, of shares of Mercer common stock within periods of less than six months of one another, Defendants, or some of them, realized profits that are recoverable by Mercer.

**SECOND CLAIM FOR RELIEF**

18. Mercer repeats the allegations contained in the preceding paragraphs.

19. This Second Claim for Relief is a precaution against possible errors of detail attributable to Defendants' non-compliance with the reporting requirements of Section 16(a) of the Act, 15 U.S.C. § 78p(a), inaccuracies in the public record, or the discovery of additional trades during the course of this action.

20. Defendants, or some of them, acting during periods not barred by the statute of limitations (including any applicable tolling period), purchased and sold, or sold and



Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

purchased, equity securities or equity security equivalents of Mercer, including those described in the First Claim for Relief, within periods of less than six months of each other, while together they beneficially owned, in the aggregate, more than 10% of a class of Mercer equity securities.

21. By reason of such purchases and sales, or sales and purchases, of such equity securities or equity security equivalents within periods of less than six months of one another, Defendants, or some of them, realized profits, the exact amounts being unknown to Mercer, which profits are recoverable by Mercer.

## PRAYER FOR RELIEF

Mercer requests a judgment:

1. Requiring Defendants each to account for and pay to Mercer the short-swing profits realized and retained by them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

2. Awarding to Mercer its costs and disbursements including reasonable attorneys, accountants and expert witness fees; and

3. Granting to Mercer such other and further relief as the Court may deem just and proper.

DATED this 6th day of December, 2016.

By ______________________

Brendan T. Mangan, WSBA #17231
Ross Siler, WSBA #46486
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
Email: brendanmangan@dwt.com
Email: ross.siler@dwt.com

ATTORNEYS FOR PLAINTIFF
MERCER INTERNATIONAL INC.